STILLMAN LEGAL PC
42 Broadway, 12th Floor
New York, New York 10004
www.FightForUrRights.com
212-203-2417
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

| | |
|---|---|
| MIGUEL A CHIRIAPA, *individually and on behalf of others similarly situated*, | **COLLECTIVE ACTION UNDER 29 U.S.C.§ 216(b)** |
| *Plaintiff*, | **COMPLAINT** |
| -against- | |
| MATSUL INC., ACHLA SHAWARMA FACTORI INC., (DBA AS ACHLA!) MOR MELAMED AND SHOSHANA MELAMED. | |
| *Defendants*. | |

-------------------------------------------------------------X

Plaintiff MIGUEL A CHIRIAPA individually and on behalf of others similarly situated (collectively the "Plaintiffs"), by and through their attorneys, Stillman Legal PC., allege upon their knowledge and belief, and as against MATSUL INC and ACHLA SHAWARMA FACTORI INC., (d/b/a ACHLA!) (together, hereinafter "ACHLA." or "Defendant Corporation") MOR MELMED and SHOSHANA MELAMED (each an "Individual Defendant") collectively with Defendant Corporations, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1) Plaintiff was an employee of Defendants MATSUL INC and ACHLA SHAWARMA FACTORI INC., (d/b/a ACHLA!) MOR MELAMED and SHOSHANA MELAMED. Defendants own, operate or control a Middle Eastern Restaurant at 43 Kennedy Drive, Spring Valley NY 10977

under the name "ACHLA!".

2)  Upon information and belief, Individual Defendants MOR MELAMED and

SHOSHANA MELAMED serve or served as owner, manager, principle, or agent of Defendants

ACHLA!, and through the corporate entity operates or operated the Middle Eastern Restaurant as

a joint or unified enterprise.

3)  Plaintiff was an employee of the Defendants. He was primarily employed to perform

various duties at the middle eastern restaurant that Defendants own.

4)  Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate

compensation for the hours over 40 per week that they worked. Rather, Defendants failed to

maintain accurate recordkeeping of their hours worked, failed to pay Plaintiff appropriately for

any hours worked over 40, either at the straight rate of pay, or for any additional overtime

premium. Further, Defendants failed to pay Plaintiff the required "spread of hours pay for any

day in which he had to work over 10 hours a day.

5)  Defendants' conduct extended beyond the Plaintiff to all other similarly situated

employees. At all times relevant to this complaint, Defendants maintain a policy and practice of

requiring Plaintiff and other employees to work in excess of forty (40) hours per week without

providing the minimum wage and overtime compensation required by federal and state law and

regulations.

6)  Plaintiff now brings this action on behalf of himself, and other similarly situated

individuals, for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor

Standards Act of 1938, 29 U.S.C.§ 201 *et seq*.("FLSA"), and for violations of the N.Y.

Lab.Law §§ 190 *et seq*.and 650 *et seq*.(the "NYLL"), and the "spread of hours" and overtime

wage orders of the New York Commission of Labor codified at N.Y.COMP.CODES R.& REGS.

tit.12, § 142-2.4 (2006) (herein the "Spread of Hours Wage Order"), including applicable

liquidated damages, interest, attorneys' fees, and costs.

7)  Plaintiff seeks certification of this action as a collective action on behalf of himself,

individually, and all other similarly situated employees and former employees of the Defendants

pursuant to 29 U.S.C.§ 216(b).

## JURISDICTION AND VENUE

8)  This Court has subject matter jurisdiction pursuant to 29 U.S.C.§ 216(b) (FLSA), 28

U.S.C.§ 1337 (interstate commerce) and 28 U.S.C.§ 1331 (federal question).

Supplemental jurisdiction over Plaintiff ' state law claims is conferred by 28 U.S.C.§ 1367(a).

9)  Venue is proper in this District under 28 U.S.C.§ 391(b) and (c) because all or a

substantial part of the events or omissions giving rise to the claims occurred in this district.

10) Defendants maintain their company headquarters and offices within this district, and

Defendants operate one Middle Eastern Restaurant located in this district. Further, Plaintiff was

employed by Defendants in this District.

## PARTIES
*Plaintiff*

11) Plaintiff Miguel A Chiriapa ("Plaintiff Chiriapa") is an adult individual residing in

Rockland County, New York. Plaintiff Chiriapa was employed by the Defendants from

approximately on or September 2019 until March 15, 2020.

*Defendants*

12) Defendants own, operate, or control a Middle Eastern Restaurant located at 43 Kennedy

Drive, Spring Vallecy NY 10977 under the name of ACHLA!, at all times relevant to this

complaint.

13) Upon information and belief, MATSUL INC and ACHLA SHAWARMA FACTORI INC., are corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 43 Kennedy Drive, Spring Valley, NY 10977.

14) Upon information and belief, Defendant MOR MELAMED and SHOSHANA MELAMED is an individual engaging (or who were engaged) in business with this district during the relevant time. Defendant is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporations. Defendant MOR MELAMED and SHOSHANA MELAMED possess or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant MOR MELAMED and SHOSHANA MELAMED determined the wages and compensation of the employees of Defendants, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

15) Defendants operate a Middle Eastern Restaurant establishment in Rockland County, New York.

16) Defendants maintain as their principal place of business a centralized office, located at at 43 Kennedy Drive, Spring Valley NY 10977 Individual MOR MELAMED and SHOSHANA MELAMED possess or possessed operational control over Defendant Corporation,

possess or possessed an ownership interest in Defendant Corporations, and control or controlled

significant functions of Defendant Corporations.

17) Upon information and belief, Defendant MOR MELAMED and SHOSHANA

MELAMED serve or served as Chairperson and/or as Chief Executive Officer of Defendant

Corporation.

18) Defendants are associated and joint employers, act in the interest of each other with

respect to employees, pay employees by the same method, and share control over the employees.

19) Defendants possess or possessed substantial control over the Plaintiff (and other

similarly situated employees') working conditions, and over the policies and practices with

respect to the employment and compensation of the Plaintiff, and all similarly situated

individuals, referred to herein.

20) Defendants jointly employed the Plaintiff, and all similarly situated individuals, and are

Plaintiff (and all similarly situated individuals') employers within the meaning of 29 U.S.C.201

*et seq*.and the New York Labor Law.

21) In the alternative, the Defendants constitute a single employer of the Plaintiff and/or

similarly situated individuals.

22) At all relevant times, Defendants were the Plaintiff employers within the meaning of

the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff, control

the terms and conditions of his employment and determine the rate and method of any

compensation in exchange for Plaintiff services.

23) In each year from 2014 to the present, the Defendants, both separately and jointly, had

gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail

level that are separately stated).

24) In addition, upon information and belief, the Defendants and/or their enterprise were directly engaged in interstate commerce. As example, numerous items, such as soap, brushes and cleaning materials that were used in the Middle Eastern Restaurant on a daily basis were produced outside of the state of New York.

*Individual Plaintiff*

25) The Plaintiff was an employee of the Defendants, and was primarily employed to perform a variety of duties around the restaurant.

26) He seeks to represent a class of similarly situated individuals under 29 U.S.C.216(b).

*Plaintiff Miguel A. Chiariapa*

27) Plaintiff Chiriapa worked for Defendants from approximately September 2019 until March 2020.

28) Plaintiff Chiriapa' duties working at the restaurant for approximately (10-12) hours per day, (6) seven days per week (approximately 57 hours per week). Plaintiff was paid $13 per hour with no Overtime.

29) Plaintiff Chiriapa regularly handled goods in interstate commerce, such as food, vegetables and other items produced outside of the State of New York.

30) Plaintiff Chiriapa' work duties required neither discretion nor independent judgment.

31) Plaintiff Chiriapa worked in excess of 40 hours per week without appropriate overtime compensation from September 2019 until March 2020.

32) From September 2019 until March 2020., Defendants did not provide Plaintiff Chiriapa

with any document or other statement accounting for his <u>actual hours worked</u> or setting forth the rate of pay for all of his hours.

33) No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Chiriapa regarding overtime and wages as required under the FLSA and NYLL.

34) Defendants did not provide Plaintiff Chiriapa with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

35) Defendants never provided Plaintiff with a written notice, in English and in Spanish (Plaintiff Chiriapa primary language), of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

36) At all times, relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and all similarly situated employees to work in excess of 40 hours per week without paying them appropriate minimum wage, overtime, and spread of hours' compensation, as required by federal and state laws. Defendants' pay practices resulted in Plaintiff not receiving payments for all their hours worked, resulting in Plaintiff effective rate of pay falling below the required minimum and overtime wage rate.

37) Plaintiff has been victim of Defendants' common policy and practices violating his rights under the FLSA and New York Labor Law by not paying them the wages they were owed for the hours they had worked.

    a.  As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

b.  Defendants failed to provide Plaintiff with statutorily required wage and hour records or statements of her pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff relative lack of sophistication in wage and hour laws.

c.  Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

d.  Upon information and belief, this was done to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) her full hours worked, (ii) for overtime due, and (iii) for spread of hours pay.

e.  Defendants did not provide Plaintiff with any document or other statement accurately accounting for their actual hours worked and setting forth rate of minimum wage and overtime wage.

f.  Defendants did not provide Plaintiff with any break periods.

**FLSA COLLECTIVE ACTION CLAIMS**

38) Plaintiff bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C.§ 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA").

39) At all relevant times, Plaintiff, and other members of the FLSA were similarly situated in

that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime, and spread of hours pay, and willfully failing to keep records required by the FLSA.

40) The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## FLSA COLLECTIVE ACTION CLAIMS

41) Plaintiff brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C.§ 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA").

42) At all relevant times, Plaintiff, and other members of the FLSA were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime, and spread of hours pay, and willfully failing to keep records required by the FLSA.

43) The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

44) Plaintiff repeat and realleges all paragraphs above as though fully set forth herein.

45) Defendants, in violation of the FLSA, failed to pay Plaintiff (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C.§ 207 (a)(1).

46) Defendants' failure to pay Plaintiff (and the FLSA class members) overtime compensation was willful within the meaning of 29 U.S.C.§ 255(a)

47) Plaintiff (and the FLSA class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the New York Labor Law)

53) Plaintiff repeat and realleges all paragraphs above as though fully set forth herein.

54) Defendants, in violation of the NYLL § 190 *et seq*.and associated rules and regulations, failed to pay Plaintiff (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

55) Defendants' failure to pay Plaintiff (and the FLSA class members) overtime compensation was willful within the meaning of N.Y.Lab.Law § 663.

56) Plaintiff (and the FLSA class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Notice at Time of Hiring

57) Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58) Defendants failed to provide Plaintiff at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week,

salary, piece, commission, or other; the regular pay day designated by the employer; the physical

address of the employer's main office or principal place of business; the telephone number of the

employer, and anything otherwise required by law, in violation of NYLL § 195(1).

59) Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover

from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred,

up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

## FOURTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements

60) Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

61) Defendants have failed to provide Plaintiff with complete and accurate wage

statements throughout his employment listing, *inter alia*, all his regular and overtime hours of

work, his rate of pay, and the basis of pay, in violation of NYLL § 195(3).

62) Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from

Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the

violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL §

198 (1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants:

    a.  Designating this action as a collective action and authorizing prompt issuance of

notice pursuant to 29 U.S.C.§ 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

      b. Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

      b.  Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

      c.  Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff and the FLSA class members;

      d.  Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

      e.  Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

      f.  Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

      g.  Declaring that Defendants have violated the recordkeeping requirements of the

NYLL with respect to Plaintiff' and the FLSA class members' compensation, hours, wages; and any deductions or credits taken against wages;

      h.   Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

      i.   Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

      j.   Awarding Plaintiff and the FLSA and class members pre-judgment and post-judgment interest as applicable;

      k.   Awarding Plaintiff and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

      l.   All such other and further relief as the Court deems just and proper.

      m.  An award of statutory damages for Defendants' failure to provide Plaintiff with wage notices at the time of their respective hiring, or at any point thereafter, pursuant to NYLL § 198 (1-b);

      n.   An award of statutory damages for Defendants' failure to provide Plaintiff with complete and accurate wage statements pursuant to NYLL § 198 (1-d);

      o.   An award of pre-judgment interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

      p.   An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

q.  Such other relief as this Court shall deem just and proper.

Dated: New York, New York
April 28, 2020

STILLMAN LEGAL PC

By:     /s/Lina Stillman
        Stillman Legal, PC
        42 Broadway, 12th Floor
        New York, New York 10004
        Telephone: 1800-933-5620
        *Attorneys for Plaintiff*