UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MIGUEL A. CHIRIAPA,                              :
               Plaintiff,       :
                                               :         **ORDER**
v.                                               :
                                               :         20 CV 3313 (VB)
MATSUL INC.; ACHLA SHAWRMA                       :
FACTORY INC., d/b/a Achla!; MOR                  :
MELAMED; and SHOSHANA MELAMED,                   :
               Defendants.     :
-----------------------------------------------------------------x

On April 28, 2020, plaintiff commenced this action against defendants Matsul Inc.

("Matsul"), Achla Shawrma Factory Inc. d/b/a Achla! ("Achla"), Mor Melamed, and Shoshana

Melamed.  (Doc. #1).  On June 26, 2020, the Clerk of Court issued certificates of default as to

each of the defendants.  (Docs. ##29-32).  On June 29, 2020, plaintiff moved for entry of a

default judgment as to all four defendants.  (Doc. #33).  On July 2, 2020, the Court ordered

defendants to show cause why default judgment should not be granted in plaintiff's favor

pursuant to Fed. R. Civ. P. 55.  (Doc. #39).  The Court scheduled the show cause hearing for

August 6, 2020, at 9:30 a.m., and ordered defendants to serve and file opposing papers on or

before July 31, 2020.  (Id.).

On July 13, 2020, defendants Achla, Mor Melamed, and Shoshana Melamed filed a

notice of bankruptcy, stating, "The debtor, Zuriel Melamed ('Debtor'), through his attorney,

Joshua N. Bleichman imposes the automatic stay under 11 U.S.C. § 362(a) as to all creditors

pursuant to 11 U.S.C. §362(c)(4)(B)."  (Doc. #40).  Zuriel Melamed is not a party in this case.

Accordingly, on July 14, 2020, the Court ordered that the case would proceed against all

defendants unless, by July 24, 2020, defendants explained in writing why the case should be

stayed in part or in its entirety.  (Doc. #41).  The Court also ordered plaintiff could file a letter in

response, if necessary, by July 29, 2020, and that the hearing scheduled for August 6, 2020,

would proceed as scheduled.  (Id.).

On July 23, 2020, defendants Mor Melamed and Shoshana Melamed filed an opposition

to plaintiff's motion for entry of a default judgment (Doc. #45) and a motion to dismiss (Doc.

#46).  Although not a model of clarity, these two filings indicate defendants Mor Melamed and

Shoshana Melamed move to dismiss the case on various grounds and seek sanctions in the

amount of $10,000 against plaintiff's counsel.

Defendants Achla and Matsul have yet to appear in this case, although the Court notes

that the notice of bankruptcy (Doc. #40) was filed on behalf of defendant Achla, as well as

defendants Mor Melamed and Shoshana Melamed.

Accordingly, it is HEREBY ORDERED:

1.      Defendants Achla, Mor Melamed, and Shoshana Melamed having failed to

explain why this case should be stayed in part or its entirety, this case shall not be stayed.

2.      The default judgment hearing scheduled for August 6, 2020, is adjourned sine die.

3.      The certificates of default entered against defendants Mor Melamed and Shoshana

Melamed are set aside.  See Fed. R. Civ. P. 55(c).

4.      Defendant Mor Melamed's and Shoshana Melamed's motion for sanctions is

DENIED WITHOUT PREJUDICE.  Defendants Mor Melamed and Shoshana Melamed have not

complied with Rule 11(c)(2), which states in relevant part: "A motion for sanctions must be

made separately from any other motion and must describe the specific conduct that allegedly

violates Rule 11(b).  The motion must be served under Rule 5, but it must not be filed or be

presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn

or appropriately corrected within 21 days after service or within another time the court sets."

5.       With respect to the pending motion to dismiss (Doc. #46), <u>by no later than July 31, 2020</u>, <u>plaintiff must notify </u>the Court by letter whether he (i) intends to file an amended complaint in response to the motion to dismiss, or (ii) will rely on the complaint that is the subject of the motion to dismiss.

6.       If plaintiff elects not to file an amended complaint, the motion will proceed in the regular course, and the Court is unlikely to grant plaintiff a further opportunity to amend to address the purported deficiencies made apparent by the fully briefed arguments in defendants Mor Melamed's and Shoshana Melamed's motion.  <u>See</u> <u>Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC</u>, 797 F.3d 160, 190 (2d Cir. 2015) (leaving "unaltered the grounds on which denial of leave to amend has long been held proper, such as undue delay, bad faith, dilatory motive, and futility"); <u>accord</u> <u>F5 Capital v. Pappas</u>, 856 F.3d 61, 89–90 (2d Cir. 2017).  The time to file opposing and reply papers shall be governed by the Federal Rules of Civil Procedure and the Local Civil Rules, unless otherwise ordered by the Court.

7.       If plaintiff elects to file an amended complaint, he must file the amended complaint by no later than 14 days after notifying the Court of his intent to do so.  Within 21 days of such amendment, defendants Mor Melamed and Shoshana Melamed may either:  (i) file an answer to the amended complaint; or (ii) file a motion to dismiss the amended complaint; or (iii) notify the Court by letter that they are relying on the initially filed motion to dismiss.

8.       By July 31, 2020, plaintiff's counsel shall mail this Order to defendants Achla and Matsul, and file proof of service of the same on the ECF docket.

In addition, counsel are encouraged to communicate with each other to determine if any

of the issues raised herein may be resolved without Court intervention.

Dated: July 24, 2020
        White Plains, NY

                        SO ORDERED:

                        _____
                        Vincent L. Briccetti
                        United States District Judge