UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MIGUEL A. CHIRIAPA,                              :
               Plaintiff,              :
                                               :      **ORDER**
v.                                               :
                                               :      20 CV 3313 (VB)
MATSUL INC.; ACHLA SHAWRMA                       :
FACTORY INC., d/b/a Achla!; MOR                  :
MELAMED; and SHOSHANA MELAMED,                   :
             Defendants.             :
--------------------------------------------------------------x

      On April 28, 2020, plaintiff commenced this action against Matsul Inc. ("Matsul"), Achla Shawrma Factory Inc. ("Achla"), Mor Melamed, and Shoshana Melamed.  (Doc. #1).  On June 29, 2020, plaintiff moved for entry of a default judgment as to all four defendants.  (Doc. #33).  On July 2, 2020, the Court ordered defendants to show cause why default judgment should not be granted in plaintiff's favor pursuant to Federal Rule Civil Procedure 55.  (Doc. #39).  The Court scheduled the show cause hearing for August 6, 2020, at 9:30 a.m., and ordered defendants to serve and file opposing papers on or before July 31, 2020.  (Id.).

      On July 23, 2020, defendants Mor Melamed and Shoshana Melamed filed an opposition to plaintiff's motion for entry of a default judgment (Doc. #45) and a motion to dismiss (Doc. #46).  Although not a model of clarity, these two filings indicated defendants Mor Melamed and Shoshana Melamed move to dismiss the case on various grounds and seek sanctions in the amount of $10,000 against plaintiff's counsel.

      On July 24, 2020, the Court denied without prejudice defendant Mor Melamed and Shoshana Melamed's motion for sanctions because defendants failed to comply with Federal Rule of Civil Procedure 11(c)(2).  (Doc. #48 at ECF 2).  On July 30, 2020, plaintiff filed an "amended notice of voluntary dismissal without prejudice" pursuant to Federal Rule of Civil

1

Procedure 41(a)(1)(A)(i).  (Doc. #53).  That same day, the Court instructed the Clerk to close the case, which the Clerk did.  (See Doc. #56.).

On July 31, 2020, defendants Mor Melamed and Shoshana Melamed filed a motion requesting the Court sanction plaintiff and his counsel, as well as counsel's law firm.  (Doc. #57 at ECF 1 ("Rule 11 motion for sanctions")).  Defendants request that in addition to paying $1,250 in attorney's fees, costs, and expenses to defendants Mor Melamed and Shoshana Melamed, plaintiff and his counsel be enjoined from filing any civil action against not only Mor Melamed and Shoshana Melamed, but also the other two defendants in this case—Matsul and Achla, neither of whom have appeared in this case—based on any of the legal or factual claims alleged in this instant case and that plaintiff and his counsel be enjoined from filing any civil action or otherwise seeking relief against any of the four defendants in this case "in any court without an order from an appropriate federal judicial officer certifying that the claims are not frivolous."  (Id. at ECF 8).  Defendants argue the Court should impose sanctions because plaintiff filed this suit having "performed no due diligence as required by Rule 11 . . . concerning the factual basis for the claims in the complaint" (id. at ECF 2), because Shoshana Melamed was inadequately served process (id)., and "to deter future litigation" (id. at ECF 1).

The motion for sanctions is DENIED WITH PREJUDICE.

Federal Rule of Civil Procedure 11(c)(1) states in pertinent part that "the court may impose an appropriate sanction on any attorney, law firm, or party that violated [Rule 11] or is responsible for the violation."  Federal Rule of Civil Procedure 11(c)(2) states:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  <u>The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.</u>  If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

(emphasis added). "An informal warning in the form of a letter without service of a separate Rule 11 motion is not sufficient to trigger the 21–day safe harbor period." Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 175 (2d Cir. 2012).

Here, defendants have made no showing they served the Rule 11 motion for sanctions on plaintiff under Rule 5 prior to filing it in court. Defendants argue that they filed "the required 21[-]day Rule 11 letter with a motion to dismiss" (Doc. #57 at ECF 3). However, the "Rule 11 letter" (Doc. #57-4) attached to it a "stipulation and order" (Doc. #57-5 at ECF 1) and a "motion to dismiss" (id. at ECF 2), but did not append the Rule 11 motion for sanctions.

Indeed, the pending Rule 11 motion for sanctions includes with it a "Rule 11(c)(2) certificate" which indicates that on July 31, 2020, counsel for defendants Mor Melamed and Shoshana Melamed served plaintiff and plaintiff's counsel by first-class mail the instant motion for sanctions—the same day defense counsel filed the motion for sanctions with the Court. (Doc. #57 at ECF 9). In other words, defendants appear not to have served the Rule 11 motion for sanctions on plaintiff prior to filing the motion with the Court as required by Rule 11(c)(2).

More importantly, plaintiff has already filed a notice of dismissal of this action, dismissing the case against not only defendants Mor Melamed and Shoshana Melamed, but also defendants Matsul and Achla. The Court will not now impose sanctions.

The Clerk is instructed to terminate the motion. (Doc. #57).

Dated: August 4, 2020
      White Plains, NY

                    SO ORDERED:

                    *[signature]*

                    Vincent L. Briccetti
                    United States District Judge